*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

STEVEN DOUGLAS ATKINSON,

Defendant-Appellant.

UNPUBLISHED
October 07, 2024
9:03 AM

No. 367881
Cheboygan Circuit Court
LC No. 2022-0006472-FH

Before: BORRELLO, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Defendant pleaded guilty to possession of methamphetamine, MCL 333.7403(2)(b)(*i*), as a third-offense habitual offender, MCL 769.11. The trial court sentenced defendant to 34 to 240 months' imprisonment. Defendant appeals by leave granted,[1] contending that his within-guidelines sentence is disproportionate. For the reasons set forth in this opinion, we affirm the convictions and sentence of defendant.

## I. FACTUAL BACKGROUND

Defendant was charged with one count of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), second or subsequent offense, MCL 333.7413(1), and one count of possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), second or subsequent offense, MCL 333.7413(1), as a fourth-offense habitual offender, MCL 769.12(1). The charges stemmed from a search warrant executed at a home in Cheboygan County, where several people, including three adults and six minors, were present.

Defendant waived his rights after receiving his *Miranda*[2] warnings. During the interview, defendant made conflicting statements about his living situation, claiming both that he had been

---

[1] *People v Atkinson*, unpublished order of the Court of Appeals, entered November 6, 2023 (Docket No. 367811).

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

living at the home for two to three weeks and that he was homeless. When informed that drug paraphernalia was found in his bedroom during a search, defendant admitted to using drugs and stated that he had been using the pipe found in his room. He also admitted to using heroin and methamphetamine, and confessed to buying methamphetamine every three days. Investigators found hypodermic needles and baggies with residue in defendant's room. Defendant ultimately pled guilty to possession of methamphetamine as a third-offense habitual offender. Prior to entering his plea, defendant was informed of the maximum penalty, and there was no sentencing agreement.

The recommended sentencing guidelines range in this case was 10 to 34 months. The prosecution argued that a jail sentence was insufficient under the circumstances. Issuing its decision, the trial court began by explaining that it does not "like to send people to prison for a possession case." Indeed, the trial court had sentenced:

> other people that were in that house. None of them went to prison. But no one had sixteen prior felonies. I mean at some point[,] it really shouldn't matter what act of crime is with that many prior felonies. I think that the public would reasonably expect that person would get the max when they come to court.

Accordingly, the court opined that there was "a good argument" for either "a year in jail" or an "above the guidelines" sentence. Considering the presence of children and defendant's "really remarkable prior history"—which included escapes, absconding, misconducts in prison, parole violations, and "a life of nothing but crime"—the trial court imposed the maximum minimum sentence within the guidelines range, 34 months.

## II. ANALYSIS

Defendant argues that his sentence is too harsh because the details of the crime did not warrant a sentence at the upper end of the recommended range. However, the trial court did not make an erroneous decision because giving defendant a sentence at the top of the recommended range was an acceptable outcome considering defendant's very extensive previous criminal record.

### A. STANDARD OF REVIEW

"Sentencing decisions are reviewed for an abuse of discretion." *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). A trial court abuses its discretion when it chooses a decision that "falls outside the range of principled outcomes." *People v Scott*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 164790); slip op at 17 (quotation marks and citation omitted). A trial court abuses its discretion at sentencing by violating the "principle of proportionality." *Boykin*, 510 Mich at 183, citing *People v Milbourn*, 435 Mich 630, 651; 461 NW2d 1 (1990). Proportionality is "measured according to the offense and the offender, not according to the sentence's relationship to the guidelines." *People v Posey*, 512 Mich 317, 356; 1 NW3d 101 (2023) (opinion by BOLDEN, J.).

### B. DISCUSSION

Defendant has failed to rebut the presumption that his in-guidelines sentence is proportionate.

Michigan's sentencing guidelines are now advisory only, but trial courts must still consult the guidelines and take them into account during sentencing. *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015). Ultimately, a sentence is reasonable if it complies with the "principle of proportionality" standard first set forth in *Milbourn*, 435 Mich at 636, which was adopted by our Supreme Court in *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). The guidelines serve as an "aid to accomplish the purposes of proportionality." *People v Dixon-Bey*, 321 Mich App 490, 524; 909 NW2d 458 (2017). A sentence is proportional when it reflects the "seriousness of the circumstances surrounding the offense and the offender," including "the background of the offender." *Milbourn*, 435 Mich at 636, 651.

Our Supreme Court recently held that within-guidelines sentences are also subject to review for reasonableness; however, a within-guidelines sentence is afforded a nonbinding "presumption of proportionality . . . through which the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate[.]" *Posey*, 512 Mich at 359. " 'An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense.' " *People v Posey (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 345491); slip op at 2, quoting *Boykin*, 510 Mich at 183.

> In regard to proportionality, the *Milbourn* Court observed that the Legislature has determined to visit the stiffest punishment against persons who have demonstrated an unwillingness to obey the law after prior encounters with the criminal justice system. The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment. [*People v Purdle (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 353821); slip op at 5 (quotation marks and citations omitted), lv app pending.]

Sentences within the properly calculated sentencing guidelines minimum range are rebuttably presumed to be proportionate. *Posey*, 512 Mich at 359.

The recommended sentencing guidelines minimum range in this case was 10 to 34 months. The trial court sentenced defendant at the top of the guidelines range to a minimum of 34 months' imprisonment. In his appeal, defendant incorrectly asserts that the trial court failed to consider mitigating factors, including defendant's history of addiction and the relatively mild circumstances of the offense. At sentencing, the trial court recognized that the circumstances of defendant's offense in this case would typically not result in a prison sentence. Nevertheless, in consideration of defendant's "really remarkable prior history" and "a pretty sad record of a life of nothing but crime," the trial court opined that there was "a good argument to go above the guidelines." Ultimately, the trial court determined that a sentence at the upper end of the guidelines range was appropriate, especially considering the presence of children in the home and defendant's prior escapes, episodes of absconding, misconduct in prison, and parole violations. In other words, the trial court found that the circumstances of the offense did not mitigate the circumstances of defendant's criminal history.

In affirming the trial court's decision in this case, we refer to our dissenting colleague's reasoning for denying leave to appeal and adopt it as our own.

> Defendant received a minimum sentence of 34 months in prison for his conviction by guilty plea of possession of methamphetamine as a third offense habitual offender. At the time of sentencing, defendant had 16 prior felony convictions and 37 prior misdemeanor convictions. Defendant had previously served 20 jail sentences and 10 prison sentences. His minimum sentence was within the sentencing guidelines and therefore is presumed to be proportionate. *People v Posey*, 512 Mich 317, 359; 1 NW3d 101 (2023). The trial court also considered the facts that defendant had previously escaped from jail, had otherwise absconded, had committed parole violations, and had accumulated misconducts while serving prior prison sentences. As the trial judge noted at sentencing, this case was actually ripe for an upward departure from the sentencing guidelines, which the trial judge declined to impose. Finding no abuse of discretion in the sentence the trial court imposed, I would deny the application for leave to appeal. [(GADOLA, J., dissenting).]

As correctly pointed out by our colleague, defendant has failed to rebut the presumption that his sentence was proportionate. See *Posey*, 512 Mich at 359. Accordingly, he is not entitled to relief.

Affirmed.

/s/ Stephen L. Borrello
/s/ Christopher M. Murray
/s/ Anica Letica

-4-